(24 Misc. Rep. 740.)

## BERG et al. v. POHL.

(Supreme Court, Appellate Term.   October 5, 1898.)

JUDGMENT BY DEFAULT—VACATION—RIGHT TO PLEAD.

    Where no answer had been filed before default taken on return day against plaintiff, an order opening the default which requires defendant to answer by a certain time is erroneous, since it deprives defendant of the right she would have had to demur or take other action on the return day had plaintiff not defaulted.

Appeal from Second district court.

Action by David Berg and others against Wilhelmina Pohl. There was a judgment by default dismissing the complaint, and from an order opening the default defendant appeals.   Modified.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William J. Nicholson, for appellant.

Herman Fox, for respondents.

GIEGERICH, J.   The order under review directs the payment by the plaintiffs of five dollars costs on or before March 18, 1898, as a condition to the opening of their default, and "that the trial of this action if the aforesaid condition is complied with be set down peremptorily for Wednesday, March 23d, at ten o'clock a. m." It further provides "that the said defendant, or her attorney, serve upon the plaintiffs' attorney, at his office, No. 335 Broadway, New York, a duly-verified answer, on or before Tuesday, March 22, 1898, at twelve o'clock m. of that day, and that the original of said answer be filed in this court on or before the 23d day of March, 1898.   Ordered, that the said defendant be permitted to amend the answer heretofore served in this court, and that such amended answer may be the answer served as aforesaid, on or before Tuesday, March 22, 1898." The return does not contain an answer of the defendant, nor does it make mention of any having been filed.   The default of the plaintiffs was taken upon the return of the summons, and the dismissal of the complaint could therefore be had without her pleading thereto.   Under these circumstances, it will be assumed that no answer was filed, and that the recitals contained in the last paragraph of the order in question are erroneous.

The trial justice erred in the directions given with respect to the service of an answer by the defendant, and thus assuming to control and limit the defendant in the exercise of the rights which the law conferred upon her on the return day of the summons.   She was not in fault, and no conditions should have been imposed upon her.   The order appealed from was made on the motion of the plaintiff excusing his default, and should not have gone beyond placing him in the same position he would have occupied had he been present when the case was called, leaving the defendant free to plead by answer or demurrer, or to take such other action, permissible at that time, as she might be advised.

For these reasons, the order appealed from should be modified by striking out all directions for the filing of an answer, and the service

of a copy of the same, and that in lieu thereof there be inserted a provision to the effect that the defendant may plead to the complaint, or take such other action, permissible at that time, as she may be advised, at a time and place to be specified in the order, which is to be settled on notice; and, as thus modified, the order in question should be affirmed, with costs to appellant to abide the event of the action. All concur.